IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

**JOSEPH SPOTTSWOOD CROWELL v. MAYME MODENA ROBERSON CROWELL**

Direct Appeal from the Chancery Court for Roane County
No. 13,202     Frank V. Williams, III, Chancellor

No. E1999-00348-COA-R3-CV - Decided July 13, 2000

**OPINION DENYING PETITION FOR REHEARING**

SUSANO, J., delivered the opinion of the court, in which GODDARD, P.J., and SWINEY, J., joined

The appellee has filed a petition for rehearing pursuant to Tenn. R. App. P. 39. In the first ground of his petition, he asserts that we made a mistake in computing the "[a]djustment re: North Carolina property" reflected on page 8 of our opinion. The appellee is in error in this assertion. We purposely utilized an adjusting figure of $141,915 rather than $140,447.50 -- the latter figure being fifty percent of the value of the marital property share of the North Carolina property. The larger figure was a "plug" figure used to achieve equality in the overall division of the parties' marital property. Since it will be necessary to transfer funds to consummate this division, we deemed it equitable in this case to equally divide the parties' marital estate. The trial court found that equality was equitable and the evidence does not preponderate against this finding.

As a second basis for his petition, the appellee contends that we did not award him an offsetting credit for his share of the $10,000 in marital funds that the appellant used in the creation of her family's partnership. He is also wrong in this assertion. We ignored the appellant's use of the $10,000 in marital funds just as we ignored the marital funds used by the appellee in connection with the North Carolina property. This latter amount, *i.e.*, $10,400, was a part of the $55,800 that was awarded to the appellee as his separate property interest in the North Carolina property. Since these two payments essentially offset one another, we chose to ignore them.

The appellee's motion for an extension of time to file his petition for rehearing is granted. The petition for rehearing is denied at the costs of Joseph Spottswood Crowell.